FARNSWORTH, Appellant, v. NEW YORK CENT. & H. R. R. Co., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 15, 1905.) Action by Ralph C. Farnsworth against the New York Central & Hudson River Railroad Company. **No opinion.** Judgment affirmed, with costs.

FERDINAND MUNCH BREWERY, Appellant, v. HUNTER, Respondent. (Supreme Court, Appellate Division, Second Department. January 27, 1905.) Action by the Ferdinand Munch Brewery against William J. Hunter. No opinion. Judgment of the Municipal Court affirmed, with costs.

FERRACANE, Respondent, v. BROOKLYN ALCATRAZ ASPHALT CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 10, 1905.) Action by Samuel Ferracane against the Brooklyn Alcatraz Asphalt Company. No opinion. Motion denied.

FINN et al., Appellants, v. BROWN et al., Respondents. (Supreme Court, Appellate Division, First Department. February 24, 1905.) Action by Luke J. Finn and others against William L. Brown and others. J. Kearny, for appellants. H. Wetherhorn, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

FINN v. MANHATTAN RY. CO. (Supreme Court, Appellate Division, First Department. February 17, 1905.) Action by Annie Finn against the Manhattan Railway Company. No opinion. Motion denied, with $10 costs.

FITZPATRICK, Respondent, v. NAUGHTON CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 3, 1905.) Action by Nicholas Fitzpatrick against the Naughton Company. No opinion. Judgment and order unanimously affirmed, with costs.

FIXMAN, Respondent, v. TOPLITZ, Appellant. (Supreme Court, Appellate Division, First Department. February 10, 1905.) Action by Ezekiel Fixman against Harry L. Toplitz. R. L. Sweezy, for appellant. E. Fixman, pro se. No opinion. Judgment and order affirmed, with costs.

FLECKENSTEIN, Respondent, v. FLECKENSTEIN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 16, 1905.) Action by Mary A. Fleckenstein against George V. Fleckenstein, Sr., and others. No opinion. Order affirmed, with $10 costs and disbursements.

FLETT, Respondent, v. DIXON et al., Appellants. (Supreme Court, Appellate Division, First Department. February 10, 1905.) Action by George Flett, as administrator, against Alexander Dixon and others. C. S. Petrasch, for appellants. C. Fox, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

FLOORSHEIM v. MUSICAL COURIER CO. (Supreme Court, Appellate Division, First Department. February 10, 1905.) Action by Otto Floorsheim against the Musical Courier Company. No opinion. Motion denied, on payment of $10 costs. See memorandum.

FLYNN, Respondent, v. McDERMOTT, Appellant. (Supreme Court, Appellate Division, Second Department. February 15, 1905.) Action by Paul B. Flynn, as executor of the last will and testament of Mary M. McDermott, deceased, against Michael F. McDermott, as executor of the last will and testament of John McDermott, deceased.

PER CURIAM. Judgment affirmed, with costs, upon the opinion of Kellogg, J., at Special Term. 89 N. Y. Supp. 506.

HOOKER, J., not voting.

FOLEY et al., Respondents, v. LEHIGH VALLEY R. CO., Appellant. (Supreme Court, Appellate Term. March 21, 1905.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by Michael F. Foley and another against the Lehigh Valley Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed. Alexander & Green (W. C. Prime, of counsel), for appellant. John H. Regan, for respondents.

PER CURIAM. The evidence did not justify a judgment against the defendant. The only disputed questions of fact were as to the condition of the car and the duty of the defendant to deliver the goods at the Twenty-Seventh street yard. Assuming that the car had holes in it which would admit cold and a little snow, and also assuming that the defendant should have delivered the goods at Twenty-Seventh street in the first instance, still it is not made to appear that its derelictions in either of those particulars caused the damages of which plaintiffs complain. The cabbages were bought and shipped as "frozen cabbages," and all the evidence was to the effect that such cabbages would not rot merely by being frozen, but that rotting resulted from alternate freezing and thawing. It also appears without contradiction that the weather had remained consistently cold from the time of shipment to the date of delivery at Twenty-Seventh street, and there is absolutely no evidence that the cabbages had become rotten up to the time that delivery was made at the Twenty-Seventh street yard. The defendant's liability as carrier ceased upon such delivery. and it was not responsible for any consequences resulting from plaintiffs' handling of the goods thereafter. The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.